JOHN JACKSON v. THE STATE.

No. 4787.    Decided February 27, 1918.

Burglary—Companion Case—Practice on Appeal—Accomplice.

Where, upon an appeal from a conviction of burglary, the record showed that the accomplice's testimony had been contradicted by the accomplice himself, who stated that he and not the accused committed the crime, etc. (and, who since the trial had pleaded guilty to other felonies), a new trial should have been granted.

Appeal from the District Court of Wise. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Carswell,* for appellant.—Cited Denton v. State, 60 S. W. Rep., 670; Barnett v. State, 50 Texas Crim. Rep., 538, 99 S. W. Rep., 556; Herndon v. State, 50 Texas Crim. Rep., 552, 99 S. W. Rep., 558.

*E. B. Hendricks,* Assistant Attorney General, and *M. W. Burch,* County Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a companion case to Chenault v. State, this day reversed and remanded. The facts are practically the same, as are the witnesses. It was the alleged burglary of the same house which the accomplice Hayes testified he and Chenault burglarized, and appellant was criminally connected with the burglary, though not actually present. The facts, so far as they bear upon the decision of the case, are sufficiently stated in the Chenault opinion. Following that case this judgment will be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.